UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual; C.D., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SECRET HARBOR, a non-profit corporation,<br><br>Defendant. | CASE NO. 2:23-cv-60<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS* |

This matter comes before the Court on Defendant Secret Harbor's Motion to Dismiss for *Forum Non Conveniens*. Dkt. No. 32. The Court has reviewed the motion, the records on file, and heard oral argument from the parties. Having thoroughly considered the matter, the Court DENIES Defendant's motion for the reasons explained below.

## 1. BACKGROUND

Secret Harbor was a state-licensed group home for "troubled boys" operating on Cypress Island, Washington. Dkt. No. 1 at 2. The State of Washington placed

Plaintiffs C.D. and O.H. at Secret Harbor in the mid-1980s.[1] Plaintiffs allege that they were sexually, physically, and emotionally abused while living there. *Id.*

On January 11, 2023, Plaintiffs sued Defendant Secret Harbor in the District Court for the Western District of Washington, alleging various tort theories and one statutory claim. Dkt. No. 2. On May 9, 2023, they filed a parallel action against the State of Washington in Thurston County that was later transferred to Skagit County Superior Court. There are at least six other lawsuits, brought by the same counsel, against Secret Harbor and the State of Washington alleging child sexual abuse. *See J.S. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 18-2-01384-29; *E.R. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 20-2-00597-29; *B.S. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 21-2-00098-29; *S.K. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 22-2-00252-29; *J.H. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 22-2-00595-29; *J.E. et al. v. Secret Harbor, et al.*, Skagit County Cause No. 23-2-00034-29. The cases are all pending.

Secret Harbor moves to dismiss this case, arguing it should be litigated in Skagit County with the other pending lawsuits.

---

[1] Substituting a pseudonym or initials for a party name is appropriate when dealing with sexual abuse claims, "especially where the [party] was a minor when the assault allegedly occurred." *N.S. by & through Marble v. Rockett*, No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or. Apr. 10, 2017).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS - 2

## 2. DISCUSSION

**2.1 Legal Standard.**

"*Forum non conveniens* is a common law doctrine allowing a court to decline to exercise its jurisdiction in cases where litigation in the forum would place an undue burden upon one of the parties." *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1221 (N.D. Cal. 2015). Deciding whether the doctrine applies requires courts to consider whether "'the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where [it was] brought and let it start all over again somewhere else.'" *Paper Operations Consultants Intn'l, Ltd. v. SS Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir. 1975) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31(1955)).

To prevail on its motion to dismiss, Secret Harbor must show that an adequate alternative forum exists, and that "the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Id*. at 1225.

The private interest factors include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy,

expeditious and inexpensive." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001) (internal quotations omitted).

And the public interest factors include "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006)).

**2.2  Proposing a domestic alternative forum does not bar the application of the *forum non conveniens* doctrine.**

As an initial matter, Plaintiffs argue that the doctrine of *forum non conveniens* does not apply when the proposed "alternative forum is in the same state that the federal court sits in." Dkt. No. 73 at 12. Plaintiffs provide no authority for this argument and the Court could find none. To the contrary, the Supreme Court suggested in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* that the doctrine "perhaps [applies] in rare instances where a state or territorial court serves litigational convenience best." 549 U.S. 422, 430 (2007) (internal citations omitted). The Court, however, did not explain what those rare instances entail. But to resolve this motion, it is enough to say that even the possibility of finding that a state court is an adequate forum is enough to defeat Plaintiffs' argument.

**2.3  Dismissal under the *forum non conveniens* doctrine is unwarranted.**

Secret Harbor has not carried its burden of establishing that Plaintiffs action should be dismissed under the *forum non conveniens* doctrine.

f
ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS - 4

To the extent *Sinochem* and its progeny establish that state court can be an adequate forum, Skagit County will suffice as such. *Id.* Secret Harbor would accept service in Skagit County—it has already done so in the other actions—and money damages, the relief sought by Plaintiffs, are available in state court. *See Carijano*, 643 F.3d at 1225. But whether Skagit County is an adequate alterative forum is not the end of the inquiry, as the Court must also analyze the private and public factors for and against dismissal.

The private interest factors cut against dismissal since most or all of the relevant sources of proof are located within the District. Secret Harbor has represented that many witnesses are in Skagit County, which is about 60 miles away from the District Courthouse in Seattle. Thus, the Court may compel the appearance of witnesses and production of evidence located in Skagit County. *See* Fed. R. Civ. P. 45(c)(1)–(2). Compared to Skagit County Superior Court, it may be somewhat inconvenient to drive to the Seattle courthouse, but concerns about traffic cannot overcome the deference owed to Plaintiffs' choice of forum. *See Decker Coal Co v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). Moreover, because Plaintiffs reside out of state, it is likely more convenient for them to appear for depositions and trial in Seattle, not Skagit County, when taking air travel into account. Secret Harbor also argues that it cannot join the State of Washington as a party since doing so would destroy diversity jurisdiction. But as Secret Harbor concedes, the State is not an indispensable or necessary party here, and noting an inability to join a potential

third party, is different than expressing a desire or intent to join the State as a third party, which Secret Harbor has not done.

The public interest factors also weigh against dismissal. The Court has a local interest in this lawsuit because the events giving rise to this case occurred within Skagit County, which is within the District. The Court is well equipped to decide issues of Washington law and can resolve discovery disputes and other pretrial matters. Secret Harbor argues that trying this case in federal court will unfairly burden residents in other Western Washington counties by asking them to serve as jurors in what is otherwise a Skagit County dispute. But Secret Harbor does not explain how this imposes a greater burden than the act of jury service itself. The Court pulls residents from throughout the region, including Skagit County, to serve as jurors and the burden of service does not increase just because the litigants are from a different county, or even country, than their own. Other factors are neutral: this Court and Skagit County Superior Court both have busy dockets, and the cost of litigating in either forum is about the same.

Viewed on balance, Secret Harbor has not made "'a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience.'" *Carijano*, 643 F.3d at 1236 (quoting *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d at 1208. The Court recognizes that there are efficiencies to be had by litigating this matter in Skagit County alongside the related cases, but "[f]orum non conveniens is 'an exceptional tool to be employed sparingly, [not a] … doctrine that compels plaintiffs to choose the optimal forum for

their claim.'" *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)).

### 3. CONCLUSION

In sum, Defendant's motion to dismiss for *forum non conveniens* is DENIED.

Dated this 26th day of January, 2024.

Jamal N. Whitehead
United States District Judge