UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual; C.D., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SECRET HARBOR, a non-profit corporation, <br><br> Defendant. | CASE NO. 2:23-cv-60 <br><br> ORDER |

# 1. INTRODUCTION

This matter comes before the Court on the parties' motions: Plaintiffs' Motion to Compel (Dkt. No. 33), Defendant's Motion for Protective Order (Dkt. No. 59), Defendant's Motion for Relief from Deadline or Leave to File Response Out of Time (Dkt. No. 70), and Defendant's Motion for Relief from Scheduling Order (Dkt. No. 80).

The Court heard oral argument on the motions on January 17, 2024. Having considered the motions, the papers submitted in support of and in opposition to the motions, the remaining record, and the argument of counsel, the Court GRANTS, in part, Plaintiffs' Motion to Compel and Defendant's Motion for Protective Order. Dkt.

ORDER - 1

Nos. 33, 59. The Court also GRANTS Defendant's Motion for Relief from Deadline and Defendant's Motion for Relief from Scheduling Order. Dkt. Nos. 70 and 80.

## 2. DISCUSSION

**2.1   The Court will consider Secret Harbor's untimely opposition brief.**

Secret Harbor's opposition to Plaintiff's motion to compel was due on November 27, 2023, but it filed nothing on that day. *See* LCR 7(d)(3). On November 29, 2023, Plaintiffs filed a short reply brief informing the Court that Secret Harbor had failed to file papers opposing their motion. Dkt. No. 36 at 2. But later that same day, Secret Harbor responded to Plaintiffs' Motion to Compel. Dkt. No. 37. Secret Harbor asks the Court for relief from the opposition-brief deadline or leave to file a response "out of time." Dkt. No. 70.

At the hearing, Plaintiffs abandoned their objection to this motion. Still, whether a party has established good cause for leave to file a brief after time to do so has expired is left to the Court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004)*; see* Fed. R. Civ. P. 6(b)(1).

The Court cannot identify any prejudice to Plaintiffs, and Plaintiffs have waived their initial opposition to the late filing. The delay was minimal and had no real effect on the proceedings, as Plaintiffs have already filed a "supplemental reply" responding to Secret Harbor's late-filed brief. *See* Dkt. No. 68. There is no evidence that Defendant's conduct was in bad faith, as counsel claimed that the delay was caused by miscalculating the deadlines.

Accordingly, the Court finds Secret Harbor's neglect excusable and GRANTS its motion for relief from the deadline. Dkt. No. 70.

**2.2    Plaintiffs' Motion to Compel and Defendant's Motion for Protective Order.**

Plaintiffs' Motion to Compel (Dkt. No. 33) and Defendant's Motion for Protective Order (Dkt. No. 59) are flip sides of the same coin, addressing overlapping issues about Plaintiffs' August 9, 2023, discovery requests. The Court issues the rulings below:

### 2.2.1    Common objections.

Secret Harbor repeatedly objects to Plaintiffs' discovery requests on the basis that it already produced the sought-after information to Plaintiffs' counsel during discovery in the related state court cases that are pending in Skagit County. But each lawsuit is an entire universe unto itself, and absent an agreement between the parties, Secret Harbor has an independent obligation to produce documents and information in response to discovery requests in *this* lawsuit. As a practical matter, if Secret Harbor has already produced documents responsive to similar requests in the state court proceedings (likely in electronic format), the burden of producing the same documents in this lawsuit should be low.

Secret Harbor also objects to Plaintiffs' discovery requests as "grossly over broad [and] unduly burdensome" because the temporal scope of Plaintiffs' requests spans 45 years (i.e., 1979 to present) or longer where Plaintiffs propose no date limitation at all. Secret Harbor would limit the request to the time that Plaintiffs resided at Secret Harbor: 1985-1990.

Given the claims and defenses at issue, Plaintiffs' proposed date range is too broad and Secret Harbor's is too narrow. At the hearing, Secret Harbor argued that

while the Skagit County Superior Court's rulings in the related cases were not binding on this Court, it should consider them to be "persuasive." This position is echoed in Secret Harbor's arguments that Skagit County Superior Court is a more appropriate forum for this action if for no other reason than to insure consistent rulings across the range of related cases on discovery matters.

Relevant to this discussion, the Skagit County Superior Court ruled in a related case against Secret Harbor that "January 1, 1977 through December 31, 2013," was a reasonable scope for the plaintiffs' discovery requests. Dkt. No. 35-9 at 3; *see* Dkt. No. 35-8 at 2 (showing that the plaintiffs in the related case resided at Secret Harbor from 1986 – 2003). The state court left the door open for the plaintiffs in the related case to return to court to seek an expanded scope "[i]f, at a later date, Plaintiffs have reason to believe the information and documents from outside of this period may lead to the discovery of relevant information . . ." Dkt. No. 35-9 at 3.

Since the state court ruling, however, Secret Harbor has conducted more searches for responsive records and offers the declaration of its CEO describing the burdens posed by Plaintiffs' discovery requests on the organization's relatively small staff, including the 75 hours spent merely conducting an initial review and the fact that many documents in question are "faded typeface and/or handwritten," rendering electronic search tools ineffective. Dkt. No. 58 at 3. These burdens warrant a narrower date range than what was approved in state court.

Accordingly, unless stated otherwise, the Court limits Plaintiffs' requests to January 1, 1980, to December 31, 1995. Plaintiffs may move to expand the scope of discovery, but only after conferring with Secret Harbor first, if there is reason to

believe other relevant and discoverable documents or information lie outside this range.

### 2.2.2 Request for Production 2.

Plaintiffs requested "(1) all insurance policies under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, including all applicable declaration pages, endorsements and amendments; and (2) any documents affecting coverage (such as any documents and correspondences relating to the denial of coverage, rescission of coverage, extension of coverage, or reserving rights) from or on behalf of any person carrying on an insurance business, to any defendant or covered person or entity, or such person's/entity's representative."

Under the plain language of Fed. R. Civ. P. 26(a)(1)(iv), Secret Harbor has a duty to produce "any insurance agreement under which under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

This is so "counsel for both sides … [can] make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26 Advisory Committee Note (1970 Amendments).

If it has not already done so, the Court ORDERS Secret Harbor to produce copies of all insurance policies or agreements that may be used to satisfy part or all of any judgment or to indemnify or reimburse for payments made to satisfy the judgment. Documents should be produced in their entirety including all applicable

declaration pages, endorsements, and amendments. Secret Harbor must also produce any documents constituting a denial of coverage, rescission of coverage, extension of coverage, or a reservation of rights.

### 2.2.3  Requests for Production 3, 4, 5, 6, 7(a), 7(b), 8, 9.[1]

Plaintiffs requested Secret Harbor's daily-log entries, therapist notes, psychiatric reports, incident reports, quarterly reports, discharge summaries, and progress reports for each resident that reference "sexual conduct" between residents, residents and staff members, or any allegations that such conduct occurred.

Secret Harbor objects to these requests on several bases. First, Secret Harbor contends the documents are not subject to disclosure because of confidentiality, the age of the residents, and HIPAA. But none of these arguments constitute a privilege to discovery in federal court. "The HIPAA regulations permit discovery of protected health information so long as a court order or agreement of the parties prohibits disclosure of the information outside the litigation and requires the return of the information once the proceedings are concluded." *A Helping Hand, LLC v. Baltimore Cnty., Md.*, 295 F. Supp. 2d 585, 592 (D. Md. 2003); see also *BNSF Ry. Co. v. Lafarge Sw., Inc.*, No. CIV 06-1076 MCA/LFG, 2008 WL 11322949, at *5 (D.N.M. May 9, 2008) ("HIPAA regulations do not trump the rules of civil procedure with

---

[1] Plaintiffs' requests for production are misnumbered, as there are two different Request for Production No. 7. Dkt. No. 35-13 at 13-14. Plaintiffs compound this error to confusing effect by renumbering their requests in their motion. Dkt. No. 33 at 10-11. The Court's order refers to the requests as originally numbered, except that it has added a parenthetical notation to differentiate between the duplicate request (i.e., Request for Production 7(a) and 7(b)).

respect to discovery obligations or questions of relevance."). Any document that implicates sensitive healthcare or medical information is already shielded from indiscriminate disclosure by the protective order already in place. *See* Dkt. No. 20.

Second, Secret Harbor argues that it cannot properly respond to these requests because Plaintiffs have not defined "sexual abuse." Dkt. No. 59 at 1, 10. But this is a strawman argument, as the requests at issue seek documents related to "sexual conduct." Dkt. No. 35-13 at 12–14. Plaintiffs define *sexual conduct* within their discovery request: "'Sexual conduct' means any act pertaining to or involving sexual acts, grooming acts, or acts involving any touching or other conduct of a sexual nature." *Id.* at 6. The Court finds this definition sufficiently specific, and it bears repeating that the language of discovery requests "should not be read or interpreted in an artificially restrictive or hyper-technical manner to avoid disclosure of information fairly covered by the discovery request." Fed. R. Civ. P. 37, Advisory Committee Note (1993 Amendments).

Defendant should use the definition Plaintiffs provided for "sexual conduct" and common sense to respond to each of these discovery requests. *Becker v. Kikiktagruk Inupiat Corp.*, No. 3:09-CV-00015-TMB, 2009 WL 10705060, at *2 (D. Alaska Oct. 20, 2009) ("Recipients of discovery requests must exercise common sense and accord reasonable definitions to terms and phrases used in interrogatories, requests for production, and requests for admissions.").

Third, Defendants suggest that Plaintiffs requests should be limited to incident reports or CPS reports when it comes to non-party residents. But what if Secret Harbor's staff failed to report incidents involving sexual conduct? There

ORDER - 7

would be no such reports. In this way, the daily log entries, therapist notes, and other documents requested by Plaintiffs become important sources of information potentially evidencing abuse. These records are plainly relevant and discoverable.

The Court GRANTS, in part, Plaintiffs' motion to compel requests for production 3, 4, 5, 6, 7(a), 7(b), 8, and 9 with the time limitations described above in Section 2.2.1.

### 2.2.4   Request for Production 10.

Plaintiffs request documents relating to the declaratory judgment action filed by Markel Insurance Company against Secret Harbor. Secret Harbor contends the documents sought are available to Plaintiffs via the online court docket. Rule 26 provides that the Court must limit the extent of discovery if it determines that the material sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Rule 34, however, commands Secret Harbor to produce any such documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, Secret Harbor must produce any of the requested materials that are in its possession, custody, or control. If Secret Harbor does not possess the documents, Plaintiffs must obtain them elsewhere.

The Court GRANTS, in part, Plaintiff's motion to compel Request for Production No. 10.

### 2.2.5   Request for Production 12.

Plaintiffs request documents relating to investigations of Secret Harbor staff or residents. Secret Harbor contends that this request appears aimed at the State of Washington and that Secret Harbor does not collect or maintain such data.

ORDER - 8

Although it may be true that the State has more documents related to these investigations, Secret Harbor must produce the documents that it has in its possession. *See* Fed. R. Civ. P. 34(a)(1).

Secret Harbor also argues that this request is overbroad, and the Court agrees. Plaintiffs request "any and all documents relating to *any* investigation of Secret Harbor staff or residents," which implicates any number of irrelevant subjects. Dkt. No. 35-15 at 27 (emphasis added). The Court limits this request to investigation documents concerning alleged or suspected "sexual conduct," alcohol and drug use, and physical abuse. Fed. R. Civ. P. 26(b)(2)(C).

The Court GRANTS, in part, Plaintiff's motion to compel Request for Production No. 12, with the date limitations described above in Section 2.2.1.

### 2.2.6   Request for Production 13.

Plaintiffs request documents relating to (1) childcare licensing, (2) childcare services, (3) childcare home assessments, (4) financial assistance and/or reimbursement funds for childcare services, and/or (5) criminal arrests, criminal convictions, and/or supervised probation resulting from criminal convictions of employees.

The Court GRANTS, in part, Plaintiff's motion to compel Request for Production No. 13 with the date limitations described above in Section 2.2.1.

### 2.2.7   Request for Production 14.

Plaintiffs request documents relating to internal reviews related to reports of child abuse. The Court GRANTS, in part, Plaintiffs' motion to compel Request for

Production No. 14 with the date limitations described above in Section 2.2.1. Secret Harbor should use its "reason and common sense" and "attribute ordinary definitions to terms and phrases," as it undertakes its search for responsive documents. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1030 (E.D. Cal. 2010).

**2.2.8    Request for Production 17 and 18.**

Plaintiffs request the personnel files for specific employees and documents regarding complaints, substance abuse/rehab treatment participation, criminal charges, or criminal convictions for each of the employees named.

According to Secret Harbor, some of these documents may have been previously purged, and at least some of these individuals are State of Washington agents or employees.

Personnel files contain a broad range of information, some of which is sensitive in nature, such as personal or family healthcare information, or irrelevant in this lawsuit, such as retirement benefit information. As a result, the Court limits Plaintiffs' document request to (1) discipline or counseling records, (2) warnings, (3) performance evaluations, (4) performance-related communication, (5) separation of employment, (6) training records, (7) dates of employment, (8) resumes, (9) applications, (10) background checks, (11) reference checks, (12) complaints, (13) discipline records, and (14) investigations where the employee is the subject of the investigation for each of the listed individuals.

Secret Harbor must also produce documents in its possession for each of the listed individuals regarding substance abuse/rehab treatment participation, criminal charges, or criminal convictions.

The Court GRANTS in part Plaintiffs' motion to compel Request for Production Nos. 17 and 18 with the date limitations described above in Section 2.2.1.

### 2.2.9 Interrogatory Number 1.

Plaintiffs seek the identity of and factual basis for each affirmative defense that Secret Harbor asserts. Although discovery has not been completed, this interrogatory is not premature. If Secret Harbor is not able to fully answer this interrogatory, it must timely supplement its response under Fed. R. Civ. P. 26(e). The Court ORDERS Secret Harbor to respond to this interrogatory to the best of its ability and to timely supplement this response as new information becomes available.

### 2.2.10 Interrogatory Numbers 4, 5, and 6.

In Interrogatory Number 4, Plaintiffs request the names, last known addresses, last known telephone numbers, and dates of employment for all employees hired by Secret Harbor from 1979 to the present. The Court ORDERS Secret Harbor to respond to this interrogatory within the date limitations described in Section 2.2.1.

In Interrogatory Number 5, Plaintiffs ask for the identity of all employees who were terminated from employment, or who resigned in lieu of termination or following an investigation, and the basis for the termination, resignation in lieu of termination, or investigation. In Interrogatory Number 6, Plaintiffs ask Secret Harbor to identify each of the employees who were alleged to be engaging in sexual acts with a Secret Harbor Resident.

The Court ORDERS Secret Harbor to respond to Interrogatories 5 and 6 with all information known about the individuals identified in Interrogatory Number 4. Secret Harbor should use its "'reason and common sense'" and "'attribute ordinary definitions to terms and phrases,'" as it searches for responsive information. *See Thomas*, 715 F. Supp. 2d at 1030 (internal citation omitted). Secret Harbor may also respond to these interrogatories by producing business records "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1).

### 2.2.11    Interrogatory Numbers 8, 9, and 10.

The Court GRANTS, in part, Plaintiffs' motion to compel responses to Interrogatory Nos. 8, 9, and 10 with the date limitations described above in Section 2.2.1. Secret Harbor may also respond to these interrogatories by producing business records "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" Fed. R. Civ. P. 33(d)(1).

### 2.3    Inspection and Production.

The Court DENIES Plaintiffs' request to inspect Secret Harbor's records in its offices to identify documents responsive to Plaintiffs' discovery request. The Court directs Secret Harbor to fully comply with this Order within 45 days. Documents may be produced on a rolling basis, but the final production must be made no later than 45 days from the date of this Order.

**2.4  Defendant's Motion for Relief from Scheduling Order (Dkt. No. 80).**

Secret Harbor filed this motion for relief from scheduling order deadlines and a continuance of the trial date. Dkt. No. 80. Plaintiffs did not contest this motion at the hearing. Both parties represented that another 90 days would be sufficient for them to prepare the case for trial.

The Court GRANTS Defendant's motion. The Court extends all deadlines in the June 26, 2023, Scheduling Order by 90 days. *See* Dkt. No. 17. The parties are directed to coordinate with Grant Cogswell, the Courtroom Deputy, to schedule a trial for fall 2024 beginning on or after September 16, 2024.

The Court reminds both parties that cases have a beginning and must have an end, and that further continuances will not be granted absent extraordinary circumstances.

### 3. CONCLUSION

The Court GRANTS, in part, Plaintiffs' Motion to Compel and Defendant's Motion for Protective Order. Dkt. Nos. 33, 59. Secret Harbor is ORDERED to complete a production of documents within 45 days of this Order.

The Court GRANTS Defendant's Motion for Relief from Deadline and Defendant's Motion for Relief from Scheduling Order. Dkt. Nos. 70 and 80.

Dated this 26th day of January, 2024.

Jamal N. Whitehead
United States District Judge