UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual; C.D., an individual, <br><br>Plaintiffs, <br><br>v. <br><br>SECRET HARBOR, a non-profit corporation, <br><br>Defendant. | CASE NO. 2:23-cv-00060-JNW <br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL |

# 1. INTRODUCTION

Plaintiffs' motion to compel and motion for sanctions is before the Court. Dkt. No. 136. Plaintiffs argue that Secret Harbor violated its discovery obligations under Federal Rule of Civil Procedure 30(b)(6), making it subject to sanctions under Rule 37(d). Plaintiffs also move to compel certain documents that Secret Harbor has already been ordered to produce. For the reasons stated below, the Court GRANTS Plaintiffs' motion.

# 2. BACKGROUND

On June 14, 2024, Plaintiffs served a Rule 30(b)(6) notice on Secret Harbor. Dkt. No. 137 at 38. Plaintiffs identified 27 topics covering a range of information

ORDER - 1

related to safety concerns, supervision, sexual contact, and sexual harassment that occurred at Secret Harbor during the date ranges specified. *See id.* at 50–55. Secret Harbor responded that same day, notifying Plaintiffs that its Rule-30(b)(6) designee was available for a deposition on July 18, 2024. *Id.* at 57. They scheduled the deposition for July 18.

On July 16, 2024, the Parties connected via email at Secret Harbor's prompting and arranged a meeting to discuss the planned deposition further. *See* Dkt. No. 137 at 61–64. That same day, Secret Harbor also emailed Plaintiffs ten pages of objections to the noticed Rule 30(b)(6) topics in a document titled, "Defendant Secret Harbor's Objections and Response to Plaintiffs' Notice of the Videotaped Deposition of Secret Harbor 30(b)(6) Representative(s)." *Id.* at 68–78. Secret Harbor objected to nearly every topic, refusing to produce a designee on some topics while narrowing the date ranges that Plaintiffs had specified on other topics. Specifically, Secret Harbor refused to provide any testimony about Plaintiffs' topics 10, 24, 25, and 26 and refused to provide testimony on topics 7-9, 11-22, and 27 outside the period of 1987-1990. *Id.* at 70–78.

When it wanted to narrow the date ranges applicable to a noticed topic, Secret Harbor gave the following objection and response:

> **Objections:** Secret Harbor objects to this topic on the basis that it seeks information that is not relevant to the claims and defenses of the parties. The Topic is not adequately specific, is open-ended, and does not "describe with reasonable particularity the matters on which examination is requested." Secret Harbor further objects to the proposed time period as overly broad and unduly burdensome as the topic seeks information from outside of the relevant time period. Secret Harbor will not present a witness to testify regarding the [*insert noticed topic*] that

ORDER - 2

> occurred outside the relevant time period.
>
> **Response:** Jenn Ryan will testify regarding the information requested by this topic from the time period Plaintiffs were residents at Secret Harbor.

Dkt. No. 137 at 70–76 (objecting to topics 7–22), 78 (objecting to topic 27). When Secret Harbor objected to the entire topic, it asserted the following objection and refusal to appear on that topic:

> **Objections:** Secret Harbor objects to this topic on the basis that it seeks information that is not relevant to the claims and defenses of the parties. The Topic is not adequately specific, is open-ended, and does not "describe with reasonable particularity the matters on which examination is requested." Secret Harbor further objects to the proposed time period as overly broad and unduly burdensome as the topic seeks information from outside of the relevant time period.
>
> **Response:** Because this topic is irrelevant, overly broad, and unduly burdensome, Secret Harbor will not produce a witness to testify regarding this topic for any time period.

*Id.* at 70, 76–78 (objecting to topics 10, 24–26).

Based on its objections, Secret Harbor expressly refused to prepare and produce a witness on the noticed topics. It did not move for a protection order or otherwise seek relief from the Court.

The deposition went forward on July 18, 2024, and lasted around 4.5 hours. Dkt. No. 152 ¶¶ 6–7, 9. Plaintiffs allege that Secret Harbor's Rule 30(b)(6) designee, its Director and CEO Jennifer Ryan, was unprepared to testify. Dkt. No. 136 at 6. During the deposition, Plaintiffs examined Ryan about certain documents, but she could not provide complete testimony because the documents were shown to her, as they have been produced by Secret Harbor, in excerpted form. Dkt. 137 at 87–88.

She testified that she would need to see complete documents to provide complete testimony. *Id.*

## 3.  DISCUSSION

**3.1  Legal standard.**

### 3.1.1   Rule 30(b)(6).

Federal Rule of Civil Procedure 30(b)(6) permits litigants to depose corporations and other organizations and entities. Fed. R. Civ. P. 30(b)(6); *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (explaining that Rule 30(b)(6) "serves a unique function in allowing for a specialized form of deposition"). To depose an organization, the deposing party must notify the organization of the deposition topics beforehand, describing them with "reasonable particularity." *Id.* Then, "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." *Id.* The organization must designate one or more people (designees) "to testify about information known or reasonably available to the organization" on the noticed topics. *Id.*

The testimony that a Rule 30(b)(6) designee gives *is* the testimony of the organization. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). As one district court put it:

> In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's "position" on the topic. The designee testifies on behalf of the corporation and thus holds it accountable.

*Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 394 (D. Or. 2017) (quoting *Sprint Commc'ns co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) (internal quote omitted)).

To comply with its Rule 30(b)(6) discovery obligations, an organization must educate and prepare its designees with all the information "known or reasonably available to the organization" on the designated topics. Fed. R. Civ. P. 30(b)(6); *Corker v. Costco Wholesale Corp.*, No. 19-cv-0290-RSL, 2022 WL 92979, at *2 (W.D. Wash. Jan. 10, 2022). The organization has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Flowers v. Fred Hutchinson Cancer Rsch. Ctr.*, No. C17-0989-JCC, 2018 WL 6019276, at *3 (W.D. Wash. Nov. 16, 2018) (internal quote omitted).

Notably, the duty to educate and prepare Rule 30(b)(6) designees exists even when "a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased." *Taylor*, 166 F.R.D. at 361. Further, if a Rule 30(b)(6) designee cannot answer questions on the designated topics fully and accurately, then the organization must promptly designate a new witness who can satisfy the organization's Rule 30(b)(6) requirements. *See Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("Even if defendant in good faith thought that the [Rule 30(b)(6) designee] would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation became apparent during the course of the deposition.").

### 3.1.2   Rule 37(d).

Rule 37(d) imposes sanctions on a party who fails to attend its own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). "Courts have held that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *Matson v. United Parcel Serv. Inc.*, 2012 WL 12941741, at *2 (W.D. Wash. March 28, 2012) (Jones, J.) (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000)). A failure to appear "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Rule 37(d) requires the Court to order "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

### 3.2   Secret Harbor must produce one or more designees to testify on the noticed topics.

After reviewing the briefing and supporting evidence, the Court finds that Secret Harbor's failure to provide witnesses to testify on the noticed topics constitutes a failure to appear under Rule 37(d). *See Matson*, 2012 WL 12941741, at *2; *see also* Fed. R. Civ. P. 37(d)(2). Indeed, Secret Harbor expressly refused to appear on multiple topics without first obtaining a protective order. *See* Dkt. No.

137 at 76–78 (objecting to topics 24–26 and refusing to provide a designee to testify on the basis of objections).

Secret Harbor also unilaterally limited its designee's testimony so that she was unable or unwilling to testify fully on the other topics. Secret Harbor concedes that its designee only prepared to answer questions for a limited date that Secret Harbor defines as the "relevant period" (three years)—not the date range actually listed in the deposition notice. *See* Dkt. No. 151 at 6. And Secret Harbor does not deny Plaintiffs' contention that its designee reviewed redacted documents in preparation for the deposition. *See generally* Dkt. No. 51. Accordingly, the designee's knowledge necessarily fell short of Secret Harbor's knowledge on the noticed topics.

Secret Harbor's argument regarding the difficulty of preparing a Rule 30(b)(6) designee is also unpersuasive. While "[t]he Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome[,] . . . this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business." *Taylor,* 166 F.R.D. at 362. These difficulties "do not relieve a corporation from preparing its Rule 30(b)(6) designee[s] to the extent [that] matters are reasonably available, whether from documents, past employees, or other sources." *Id.* Further, Secret Harbor should have raised this argument in a motion for protective order rather than violate Rule 30(b)(6).

Next, relying on *Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995), Secret Harbor maintains that Rule 37(d) sanctions cannot apply here because Secret Harbor's designee *physically* appeared for the deposition. Dkt. No. 151 at 7. To be sure, in *Estrada,* the Ninth Circuit concluded that Rule 37(d) sanctions were

ORDER - 7

inappropriate when the plaintiff physically appeared at his deposition but refused to answer any questions. 69 F.3d at 406. The court did not consider the plaintiff's actions as a failure to appear. *Id*.

But many courts have distinguished the rule from *Estrada* in the context of Rule 30(b)(6) depositions, finding that an entity's failure to prepare a Rule 30(b)(6) designee is, in effect, a "no show" on the part of the entity. *See Black Horse Lane Assoc., L.P.*, 228 F.3d at 303–04, 304, n.18; *Westover v. Provident Life and Accident Ins. Co.*, Case No. 20–cv–5931–BHS 2021 WL 1208754, at *2 (W.D. Wash. March 31, 2021) (Settle, J.) *Matson*, 2012 WL 12941741, at *2 (Jones, J.); *WRB, Inc. v. Vision Mktg., LLC*, Case No.: 2:16-CV-436-RMP, 2017 WL 9802622, at *1–2 (E.D. Wash. Nov. 27, 2017) (Peterson, J.). As the Fifth Circuit has put it:

> [Rule 30(b)(6)] places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

*Resol. Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). The Court finds this reasoning persuasive and agrees.

In any event, Secret Harbor cannot rely on *Estrada* because Secret Harbor *actually* failed to appear on noticed topics 24–26 when it stated the following for each: " . . . Secret Harbor will not produce a witness to testify regarding this topic for any time period." *Id*. at 76–78.

ORDER - 8

The Court also rejects Secret Harbor's argument that it was not required to move for a protective order and that it was justified in standing on its objections. Dkt. No. 151 at 7 (arguing "[n]owhere in the Rule does it state that a Motion for Protective Order or Motion to Stay must be filed to prevent certain topics from being discussed at the deposition"). Rule 37(d) plainly requires a party to file a motion for a protective order in this situation. It states that when an organization fails to appear for a deposition under Rule 30(b)(6), that failure is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Moreover, while written objections may help the Parties prepare to meet and confer about the upcoming deposition, Rule 30(b)(6) does not contemplate that the responding party will serve formal, written objections. *See* Fed. R. Civ. P. 30(b)(6). And it certainly does not allow a party to unilaterally limit the scope of the noticed topics by objecting. *See id.*; *cf. Great Am. Ins. Co. of N.Y.*, 251 F.R.D. at 539 (explaining that the Federal Rules do not permit a party served with a Rule 30(b)(6) deposition notice to supply the answers in a written response or contend that already-produced documents "speak for themselves"). By relying on its own objections to evade its deposition, Secret Harbor effectively granted itself a protective order, improperly assuming the Court's role.

In short, the Court finds that Secret Harbor violated its discovery obligations under Rule 30(b)(6) and that Rule 37(d) sanctions are appropriate because Secret Harbor failed to appear for its noticed deposition. The Court also finds that Secret

ORDER - 9

Harbor's failure to act was not "justified" and that no other circumstances make sanctions unjust. *See* Fed. R. Civ. P. 37(d)(3).

### 3.3   Secret Harbor must produce the requested documents by November 6, 2024.

In January 2024, the Court ordered Secret Harbor to produce certain documents. Dkt. No. 98. Secret Harbor agrees that it still has not produced these documents. Dkt. No. 151 at 10–11. The Court orders Secret Harbor to produce the documents no later than November 6, 2024. If Secret Harbor fails to produce the documents by the deadline, it must file a brief by that day instead, showing cause as to why it should not be held in contempt or otherwise sanctioned for failure to comply with the Court's Order dated January 26, 2024, Dkt. No. 98.

## 4. CONCLUSION

For all these reasons, the Court ORDERS:

- Plaintiffs' motion to compel and for sanctions, Dkt. No. 136, is GRANTED. The Court considers Secret Harbor's Objections to Plaintiffs' noticed topics waived. Secret Harbor must produce one or more Rule 30(b)(6) designees to testify on the noticed topics consistent with this Order.

- Having found that Secret Harbor's failure was not substantially justified and that no circumstances make an award of expenses unjust here, the Court imposes sanctions under Fed. R. Civ. P. 37(d)(3). Secret Harbor and its attorneys will pay the reasonable costs incurred by Plaintiffs for (1) obtaining a court reporter for Secret Harbor's first deposition in this matter, (2) obtaining the transcript for that deposition, and (3) reasonable

attorney fees incurred in filing this motion and the corresponding reply brief. Plaintiffs must submit a fee petition for the Court's review by November 6, 2024.

- Secret Harbor will produce the documents that this Court ordered it to produce in its prior Order, Dkt. No. 98, by November 6, 2024. If Secret Harbor fails to produce the documents by then, it must file a brief by November 6, 2024, showing cause as to why it should not be held in contempt or otherwise sanctioned for its failure to comply with the Court's prior Order, Dkt. No. 98.

Dated this 29th day of October, 2024.

Jamal N. Whitehead
United States District Judge