UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual; C.D., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SECRET HARBOR, a non-profit corporation, <br><br> Defendants. | CASE NO. 2:23-cv-00060-JNW <br><br> ORDER STAYING CASE |

The Court raises this matter on its own accord. On May 20, 2025—less than two days before jury selection—Secret Harbor announced for the first time its plan to enter receivership. This eleventh-hour revelation prompted the Court to order briefing on whether an automatic stay would apply. Dkt. No. 219. The parties have now submitted their positions, and all agree that if a receiver is appointed, this litigation would be automatically stayed. *See* Dkt. No. 222 at 2; 223 at 2.

It appears Secret Harbor tried to obtain a receivership order ex parte from the Skagit County Superior Court, but the court commissioner declined to enter such an order without proper notice and instead directed Secret Harbor to file its request on the civil motions calendar. *See* Dkt. Nos. 222, 223, 224. According to

ORDER STAYING CASE - 1

1  Plaintiffs, the earliest this motion could be heard is June 6, 2025. Dkt. No. 224 at 2.

2  As a result, no automatic stay under RCW 7.60.110 is currently in effect.

3  "[T]he power to stay proceedings is incidental to the power inherent in every

4  court to control the disposition of the causes on its docket with economy of time and

5  effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248,

6  254 (1936). The power extends to stays pending resolution of separate proceedings

7  and does not require the issues in such proceedings be determinative of the action

8  before the Court. *Leyva v. Certified Grocers*, 593 F.2d 857, 863-64 (9th Cir. 1979).

9  Nor does it require that "the parties to the two causes . . . be the same and the

10 issues identical." *Landis*, 299 U.S. at 254. The power to stay also includes the power

11 to do so sua sponte. *Doyle v. One W. Bank, N.A.*, 2015 WL 4605776, at *3 (C.D. Cal.

12 May 21, 2015). In determining whether a stay is appropriate, the Court must weigh

13 various interests, including: (1) the possible damage to result from granting the

14 stay; (2) the hardship to the parties if the suit proceeds; and (3) the "orderly course

15 of justice measured in terms of the simplifying or complicating of issues, proof, and

16 questions of law which could be expected to result from a stay." *Lockyer v. Mirant*

17 *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

18 Here, the Court finds that a stay is warranted, though not for reasons that

19 reflect well on Secret Harbor. After years of litigation, extensive discovery,

20 dispositive motions, and pretrial preparation, Secret Harbor waited until hours

21 before trial to drop this bombshell. The timing of this maneuver has wasted party

22 and judicial resources. Indeed, juror summonses have been served, requiring

23

ORDER STAYING CASE - 2

citizens to rearrange their lives to fulfill their civic duty—the cost of this disruption is not lost on the Court and will be addressed in a later order.

Still, proceeding to trial under this cloud of uncertainty is untenable. The harm of beginning trial only to have the action stayed mid-stream—a possibility that cannot be discounted if a receivership is eventually approved—outweighs the harm of a brief delay. This limited stay will allow the Skagit County Superior Court to rule on Secret Harbor's receivership application, after which this Court can proceed with a clear understanding of the case's status.

The Court expresses no opinion on the merits of Secret Harbor's receivership application. That is for the Skagit County Superior Court to decide. But if that court denies the application, this Court will entertain a motion for sanctions based on Secret Harbor's apparent attempt to derail these proceedings at the last possible moment.

Accordingly, the Court STAYS this action in its entirety pending the resolution of Secret Harbor's request in Skagit County Superior Court for an order appointing a general receiver under RCW 7.08 et seq. The parties are ORDERED to notify this Court within 24 HOURS of any decision by the Skagit County Superior Court regarding Secret Harbor's receivership application.

Dated this 21st day of May, 2025.

Jamal N. Whitehead
United States District Judge

ORDER STAYING CASE - 3