The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H. an individual, C.D., an individual,<br><br>            Plaintiffs,<br>  v.<br><br>SECRET HARBOR, a non-profit corporation;<br><br>            Defendant. | NO. 2:23-cv-00060-JNW<br><br>**PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT PURSUANT TO THE COURT'S OCTOBER 3, 2025 MINUTE ENTRY [DKT. NO. 250]** |

## JOINT STATUS REPORT

On October 3, 2025, the Court held a Status Conference and thereafter entered a Minute Order requesting that the Parties submit a Joint Status Report within 14 days of October 31, 2025. On October 31, 2025, the Superior Court of the State of Washington for Skagit County held a hearing in the Secret Harbor Receivership Action. At the conclusion of that hearing, the Skagit County Court entered an order extending the receivership stay until December 12, 2025. The Skagit County Court's Order is attached as Exhibit A and the Clerk's Minutes from the hearing are attached as Exhibit B. The Order also set an additional hearing in the Secret Harbor Receivership Action for December 12, 2025. In the interest of completeness, the parties have attached the following documents filed in the Secret Harbor Receivership Action in advance of the October 31 hearing in the Secret Harbor Receivership Action: October 20, 2025 Creditor's Status Update (Exhibit C); October 24, 2025 Receiver's

PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT – 1

Thompson, Coe,
Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
(214) 871-8275

Status Report (Exhibit D) and October 24, 2025 Creditor Markel Insurance Company's Status Report (Exhibit E).

**PLAINTIFFS' POSITION ON STAY**

Plaintiffs continue to maintain the position that a stay of proceedings is not warranted and should be lifted immediately. The Skagit County Superior Court extended the stay of proceedings based on the representation by the various insurance companies affording coverage to Secret Harbor that additional time is necessary to evaluate all pending claims, however from Plaintiffs' perspective, that time has not resulted in any meaningful progress and instead has only benefited the insurance companies in evading its liabilities to the various claimants. Plaintiffs will oppose any further stay of proceedings once the stay is lifted on December 12, 2025. Following this, Plaintiffs would ask that trial in this matter be reinstated on the next available date. Alternatively, if the Receiver opts to not defend this action following the lifting of the stay, Plaintiffs will move for default.

**DEFENSE COUNSEL'S POSITION ON STAY**

Defense counsel reiterates its position from the Parties' August 13, 2025 Joint Status Report [Dkt. No. 248]. Defense counsel's client[1] in this matter ceased operations on July 31, 2025, and the Receiver's counsel has instructed defense counsel that they are not authorized to file anything in this matter on behalf of the receivership estate. Defense counsel is in limbo and has no individual or entity that is willing or able to provide direction or authorization to act in this matter. Defense counsel seeks to avoid the situation where

---

[1] Defense counsel is unaware of the reasoning behind Plaintiffs' counsel's position that it is now former defense counsel for Secret Harbor.

PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT – 2

Thompson, Coe,
Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
(214) 871-8275

they have no client, no authority to act, are ordered to standdown by the Receiver's counsel and ultimately must withdraw if the stay is lifted under these circumstances. A reasonable solution is that no action be taken regarding the current stay in this matter until after the December 12, 2025 hearing set in the receivership action, and the receivership court determines whether the Receiver is compelled to intervene in the tort lawsuits or whether the Receiver is granted authority to act according to its preferred framework and command defense counsel to withdraw. Defense counsel respectfully requests that the court take no action on the current stay until it is made clear who has the authority to direct defense counsel.

**DATED** this 14th day of November, 2025, at Dallas, Texas and Seattle, Washington.

*The undersigned counsel certify that this Joint Status Report contains 851 words in compliance with the local rules of this Court.*

Respectfully Submitted,

*Barry A. Moscowitz*
Barry A. Moscowitz
Texas State Bar No. 24004830
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, Suite 2500
Dallas, TX 75201
(214) 871-8200
bmoscowitz@thompsoncoe.com

and

Christopher Keay
WSBA No. 13143
JOHNSON, GRAFFE, KEAY, MONIZ & WICK, LLP
2115 N. 30th St., Ste. 101
Tacoma, WA 98403-3318
(253) 572-5323
ckeay@JGKMW.com

**ATTORNEYS FOR SECRET HARBOR**

PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT – 3

Thompson, Coe,
Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
(214) 871-8275

PFAU COCHRAN VERTITAS AMALA PLLC

By *Alexander G. Dietz*
   Darrell L. Cochran, WSBA No. 22851
   Andrew S. Ulmer, WSBA No. 51227
   Alexander G. Dietz, WSBA No. 54842

*Attorneys for Plaintiffs O.H. and C.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on the date signed below, I caused to be served in the manner indicated a true and accurate copy of the foregoing, **PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT PURSUANT TO THE COURT'S OCTOBER 13, 2025 MINUTE ORDER [Dkt. No. 250]**, by the method indicated below and addressed to the following:

| | |
|---|---|
| *Counsel for Plaintiffs*<br>Darrell L. Cochran<br>Pfau Cochran Vertetis Amala PLLC<br>909 A St Ste 700<br>Tacoma WA 98402<br>darrell@pcvalaw.com | ☐ U.S. Mail   ☐ Overnight<br>☐ Hand Delivery   ☑ E-mail/E-Service<br>☐ Facsimile   ☐ Messenger |
| *Counsel for Secret Harbor*<br>Jesus Miguel Palomares<br>Miller Nash LLP<br>605 5th Ave S, Ste 900<br>Seattle, WA 98104<br>Jesus.palomares@millernash.com | ☐ U.S. Mail   ☐ Overnight<br>☐ Hand Delivery   ☑ E-mail/E-Service<br>☐ Facsimile   ☐ Messenger |

Signed this 14th day of November, 2025, at Dallas, Texas.

*/s/ Kenna O' Flannigan*
Kenna O'Flannigan

PLAINTIFFS' AND DEFENDANT'S JOINT STATUS REPORT – 4

Thompson, Coe,
Cousins & Irons, LLP
700 N. Pearl Street, 25th Floor
Dallas, TX 75201
(214) 871-8275

# EXHIBIT A

25-2-00509-29
ORP    139
Order of Preassignment
19832460

FILED
SKAGIT COUNTY CLERK
SKAGIT COUNTY, WA

2025 OCT 31  AM 9:52

In the Superior Court of the State of Washington
For Skagit County

In the Receivership of:

Secret Harbor, a Non-Profit Corporation.

No. 25-2-00509-29

Order — *Clerk's Action Req'd:*
*12/12/25 Special Set —*
*pre-approved by Court*
*Admin*

THIS MATTER comes before the Court on the continued hearing regarding the Receiver's Motion for Instruction. The Court previously set an additional hearing on this matter for October 31, 2025 at 9:00 a.m. and extended the stay through October 31, 2025. The Court, deeming itself fully advised in the premises, NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Stay previously imposed by this Court is hereby _granted through December 12, 2025_.

2. The Court sets an additional hearing on this matter for _December 12, 2025 at 9am_. Any status reports or requests for relief should be submitted by the parties no later than one week prior to the hearing.

3. The Court previously instructed the Receiver to gather correspondence between Miller Nash LLP and the various insurance companies and work to produce the correspondence to Plaintiff Creditors with appropriate redactions for privileged material. If Markel Insurance Company chooses to assert that any of these documents are precluded from production pursuant to a confidentiality agreement, then Markel Insurance Company must identify with particularity which documents it contends are subject to the agreement no later than November 7, 2025 _unless agreed between Markel and the Receiver._

Order – 1 of 2
(No. 25-2-00509-29)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104 | bcglawyers.com

4. Regarding documents produced by the Receiver to any party in interest, if it comes to the attention of any party that documents were produced that are believed to be privileged, otherwise confidential, not otherwise subject to production, and/or if there is a dispute regarding the production, then the relevant party should notify the Receiver as soon as practicable and request that this Court make a determination. The provisions of CR 26(b)(6) apply.

5. The Receiver is authorized to facilitate the exchange of documents and information with the State of Washington, insurance companies and the tort Plaintiff Creditors as requested by any party, including requesting records from prior legal counsel and granting access to documents and files now held or obtained in the future by the Receiver.

6. The Receiver is authorized to permit persons retained/selected by insurance companies or the State of Washington to have access to the records and information under the possession, custody or control of the Receiver. The persons retained/selected by the insurance companies shall maintain confidentiality of the records and information reviewed. The persons retained/selected by the insurance companies and/or the State of Washington are authorized to identify for copying records of or relating to Plaintiff Creditors. The insurance companies and/or the State of Washington are authorized to review the copied records for purposes of evaluating claims in furtherance of the mediation effort undertaken by the parties provided that the records remain confidential.

Dated October 31, 2025.

_____
Judge Laura M. Riquelme

Presented by:
Beck Chase Gilman PLLC

By /s/ James W. Beck
James W. Beck, WSBA No. 34208
james@bcglawyers.com
Attorneys for Court-Appointed Receiver

Order – 2 of 2
(No. 25-2-00509-29)



Beck Chase Gilman PLLC
705 S. Ninth St., Suite 305
Tacoma, WA 98405
253.289.5104 | bcglawyers.com

# EXHIBIT B



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SKAGIT COUNTY

| IN THE RECEIVERSHIP OF SECRET HARBOR | No: 25-2-00509-29<br><br>CLERK'S MINUTES<br><br>Date: 10/31/2025 |
|---|---|

[x ] MTHRG

JUDGE: L. RIQUELME          Court Reporter: A. Neville          Clerk: K. Denton

ON BEHALF OF THE STATE OF WASHINGTON T. LINDE IS PRESENT

S, HEATH RECEIVER IS PRESENT AND REPRESENTED BY J. BECK & M. BORDE

COUNSEL PRESENT ON BEHALF OF INSURANCE COMPANIES:
S. CAPLOW, A. POTENTE, M. MILLS, R. HESSELGESSER, A. ULMER

COUNSEL PRESENT ON BEHALF OF CREDITORS:
K. DAVIS, A. DIETZ, S. SINGLA

COUNSEL K. DAVIS IS PRESENT ON BEHALF OF G. ZAPATA

[X]  All parties appear remotely

**THIS MATTER COMES BEFORE THE COURT FOR :**

Mr. Potente advises the Court that the parties are still working on mediation and have several more mediation dates over the next few weeks. Court queries counsel regarding issues.  Mr. Potente responds.  Mr. Beck advises the Court he will be sending the insurance carriers their requested documents. Court addresses the current stay.  Mr. Dietz addresses stay issues and moves for the stays to be lifted.  Mr. Singla addresses stay issues and moves for the stay to be lifted.  Mr. Davis joins in motion to lift stay.   Mr. Linde objects to lifting the stay.  Mr. Caplow advises the Court that progress is being made and the stay should not be lifted. Court finds there is progress being made and extends the stay & sets next hearing for December 12, 2025 @ 9:00.

Mr. Beck addresses the information that the insurance companies have requested from the Receiver and what they are doing to comply with these requests.  Mr. Dietz addresses representation of future claimants.  Mr. Davis and Mr. Singla state they will work with Mr. Dietz and his firm to come up with a plan for future claimants.

[X] Court signs order extending stay and setting hearing for 12/12/25 @ 9:00

# EXHIBIT C

**SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SKAGIT COUNTY**

In the Receivership of:

SECRET HARBOR, a Non-Profit Corporation.

No. 25-2-00509-29

**CREDITORS' STATUS UPDATE**

Plaintiff Child Sexual Abuse Creditors respectfully submit this update on proceedings and request that this Court lift the litigation stays in state and federal courts without the further delay certain to be requested by insurance companies like Markel, Admiral, and Ranger. The recent full day mediation in Seattle on Tuesday, October 14, 2025, failed completely, with no material change in any of the insurance coverage positions taken by Markel, Admiral or Ranger. The insurers had pledged to this Court back in August and again in the most recent hearing on this matter last month that there was high cause for optimism that resolution was at hand and the October 14 mediation would serve as the platform for a complete wind up of affairs, but this pledge now rings hollow. Parties such as the Receiver's team, the State, and the Child Sexual Abuse Creditors all arrived at the end of the day and wondered why we had all just spent thousands of dollars on the effort when it appeared the insurance companies had no intent at all to address or improve their coverage positions. It was an abject failure and there

CREDITORS' STATUS UPDATE

Page 1 | No. 23-2-00034-29

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

is no longer any reason for optimism and certainly no basis for continuing to stay litigation in the cases, both state and federal.

Disappointingly, these insurance companies have exploited the receivership proceeding thus far to do exactly what their corporate charters expect: increase profits any way possible and, here, that has meant delaying resolution to capture continuing investment portfolio returns in a high-yielding stock market. Markel, which describes itself to investors as a "mini-Berkshire Hathaway" – which generates high profits by withholding payouts, engaged in bad faith insurance misconduct throughout the life of the Secret Harbor litigation. It continues to serve itself at the expense of the Receivership and its creditors now.

Plaintiff Child Sexual Abuse Creditors ask this Court to immediately lift the stay on all litigation, which will move the cases forward and empower the Child Sexual Abuse Creditors to intervene in the federal court declaratory judgment action filed by Markel Insurance Company against Secret Harbor to aid Secret Harbor and the Receiver with securing insurance assets for the benefit of the Receivership and the Creditors.

RESPECTFULLY SUBMITTED this 20th day of October, 2025.

PFAU COCHRAN VERTETIS AMALA PLLC

By: /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
Alexander G. Dietz, WSBA No. 54842
*Attorneys for Creditors*

CREDITORS' STATUS UPDATE

Page 2 | No. 23-2-00034-29

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Katie Hedger**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via **Email** by directing delivery to the following individuals:

Jesus Palomares
Tristan Swanson
Miller Nash, LLP
605 5th Ave Ste. 900
Seattle, WA 98104
*Attorney for Defendant Secret Harbor*

DATED this 20th day of October, 2025.

/s/ Katie Hedger
Katie Hedge
Legal Assistant

CREDITORS' STATUS UPDATE

Page 3 | No. 23-2-00034-29



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654