THE HONORABLE JAMAL N. WHITEHEAD

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

O.H., an individual; C.D., an individual,

Plaintiffs,

vs.

SECRET HARBOR, a non-profit corporation,

Defendant.

NO. 2:23-cv-00060-JNW

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE CONSOLIDATION**



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

## RESPONSE

Plaintiffs respectfully submit this response to the Court's Order to Show Cause regarding consolidating the *O.H. et al v. Secret Harbor* matter with two related cases against Secret Harbor, *A.A. et al. v. Secret Harbor*, No. 2:24-cv-00681-JNW, and *D.P. et al. v. Secret Harbor*, No. 2:25-cv-01010. Plaintiffs agree that the *A.A.* and *D.P.* matters can and should be consolidated, but request that the Court not consolidate the *O.H.* matter with the other two. Plaintiffs O.H's. and C.D.'s claims are, as the Court knows, trial-ready and set for trial on November 30, 2026. The only reason they were not tried in May 2025 was because Secret Harbor, its counsel Miller Nash, and its insurers, placed Secret Harbor into a receivership on, almost literally, the eve of trial to take advantage of the automatic stay of all litigation against the entity in receivership inherent in such a proceeding.

By contrast, the claims of plaintiffs in the *A.A.* and *D.P.* matters are far from ready for trial. This Court entered an initial scheduling order in the *A.A.* matter just three months before the receivership was created.[1] The *D.P.* matter was only filed a couple of weeks prior to the creation of the receivership.[2] Neither of those two matters has undergone significant discovery, expert workup, or dispositive motions practice. Under a standard federal court case schedule, neither matter could reasonably be set for trial any sooner mid to late 2027.

Plaintiffs O.H. and C.D. would be deeply prejudiced by any further delay in bringing their claims to trial. As such, Plaintiffs request that the *O.H.* case remain separate and proceed to trial as scheduled, but that the *A.A.* and *D.P.* matters be consolidated.

---

[1] Cause No. 2:24-cv-00681 Dkt. 21.

[2] Cause No. 2:25-cv-01010 Dkt. 1.



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

**A. Legal Standards**

Federal Rule of Civil Procedure 42 sets forth the standards for consolidation of cases and states in full:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) Join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

A district court has broad discretion under this rule to consolidate cases pending in the same district. *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate cases, courts in this district typically weigh multiple factors including judicial economy, whether consolidation would expedite resolution of the case, and potential prejudice to a party opposing consolidation. *See, e.g.*, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563, 2024 WL 5009034, at *1 (Dec 6, 2024). Federal courts will generally decline to consolidate matters where there is a significant difference in the relative progress of the cases, such that resolution of one case would be significantly delayed by consolidation with another. *See, e.g. Petra, Inc. v. Meridian Hotel Holdings*, No. 1:25-cv-00068, 2026 WL 1893501 at *7 (D. Idaho June 30, 2026) (refusing to consolidate two cases where one had completed discovery and the other did not yet have a scheduling order in place because it would delay trial and cause prejudice by giving the party seeking consolidation a second chance at discovery); *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660, 2007 WL 2669531 at *3 (S.D. Cal. Sept 7, 2007) (declining to consolidate cases for trial where one case was ready for



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

trial and the other was "still in the formative stages" and consolidation "realistically would delay trial. . . for several months"); *Netcurrents Info. Servs., Inc. v. Dow Jones & Co., Inc.*, No. CV 07-4027, 2008 WL 11339969 at *2 (C.D. Cal. July 17, 2008) (rejecting consolidation where the result "would be to significantly delay the start of the trial" in one of the consolidated cases).

**B. The Court Should Consolidate Only the A.A. and D.P. Cases To Avoid Delaying the Trial of the Claims Brought by Plaintiffs O.H. and C.D.**

Here, Rule 42(a)'s common question of law or fact standard is easily satisfied for all cases, but because the *O.H.* case is trial-ready while the other two are in early stages, consolidation should be limited to the *A.A.* and *D.P.* cases to avoid unduly prejudicing Plaintiffs O.H. and C.D. by delaying their trial date.

All Plaintiffs spent a portion of their youth placed at the Secret Harbor group home for boys, and all of them suffered from Defendant's systemic failures to protect them from child sexual abuse that they endured at Secret Harbor. Although all cases challenge Defendant's failures to protect Plaintiffs from child sexual abuse, the cases are not identical. The various Plaintiffs have differences in the time period during which they were placed at Secret Harbor and in the incidences of abuse that they suffered as a result of Defendants' failures to protect them. Despite these minor distinctions in Plaintiffs' cases, both cases have greater commonalities than differences.

Factually, all Plaintiffs were placed in Secret Harbor's facilities. In all cases, Defendant exposed Plaintiffs to abuse tolerated by Defendant. The *A.A.* and *D.P.* cases will involve nearly identical discovery, include Plaintiffs from similar time periods, and both cases are at the same stage in discovery. All Plaintiffs allege that the damages they suffered are the result of Defendant's negligence. Finally, all Plaintiffs are represented by the same counsels.

Legally, all the cases involve virtually identical claims and allegations against the common Defendant. There is good cause to believe that the common Defendant will attempt to assert the



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

same defenses against the Plaintiffs' claims, though an answer has not yet been filed in the *D.P.* case.

Procedurally, all cases are currently assigned to this Court. Aside from the separate Plaintiffs, the *A.A.* and *D.P.* cases are substantially identical in all other respects, and discovery in both cases will substantially overlap. Therefore, consolidation will result in a more streamlined process moving forward, thereby conserving judicial resources along with the resources of all parties in both cases. Given that common issues of law and fact pervade both cases, Plaintiffs respectfully request that the Court exercise its discretion and consolidate the *A.A.* and *D.P.* cases pursuant to Rule 42(a).

While the *O.H.* case, with Plaintiffs O.H. and C.D., likewise involves similar claims and factual issues as the claims in the *A.A.* and *D.P.* matters, consolidation of their case with the two others would be deeply prejudicial and not serve the interests of judicial efficiency. The *O.H.* case is not at the same stage as the others, having been on the almost literal eve of trial when it was stayed by Secret Harbor and its insurers' receivership gambit. The consolidation of this case with the other two would be deeply prejudicial to O.H. and C.D. by considerably delaying their trial date and returning their claims to the discovery phase, which would give Secret Harbor, or the insurers now intervened on its behalf, an improper second bite at the apple on discovery. This is a well established grounds for declining to consolidate cases, and Plaintiffs therefore request that the *O.H.* case remain separate from the *A.A.* and *D.P.* cases.

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate only the *A.A.* and *D.P.* matters, while leaving the *O.H.* case separate so that its Plaintiffs can proceed with trial on November 30, 2026.

//

//

//

//



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

DATED this 4th day of September, 2026.

PFAU COCHRAN VERTETIS AMALA PLLC

*I certify that this memorandum contains 1,258 words in compliance with the Local Civil Rules.*

By */s/Darrell L. Cochran*

Darrell L. Cochran, WSBA No. 22851
Andrew S. Ulmer, WSBA No. 51227
Alexander G. Dietz, WSBA No. 54842
*Attorneys for Plaintiffs O.H. and CD.*



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

## CERTIFICATE OF SERVICE

I, **Hannah Grant**, hereby declare under penalty of perjury under the laws of the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I placed for service the foregoing via **CM/ECF** in compliance with Fed. R. Civ. P.5(b)(2)(E) and LCR 5(b) by directing delivery to the following individuals:

Christopher Keay
Johnson Graffe Keay Moniz & Wick, LLP
2115 N. 30th St., Ste. 101
Tacoma, WA 98403-3318
(253) 572-5323

Barry A. Moscowitz
Cassie Dallas
Todd Donohue
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl St., Ste. 2500
Dallas, TX 75201
(214) 871-8200
*Counsel for Defendant Secret Harbor*

DATED this 4th day of September, 2026.

/s/ Hannah Grant
Hannah Grant
Legal Assistant



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com