UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual; C.D., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SECRET HARBOR, a non-profit corporation,<br><br>Defendant. | CASE NO. 2:23-cv-00060-JNW<br><br>ORDER |

This matter comes before the Court on Markel Insurance Company, Admiral Insurance Company, Western World Insurance Company, and Scottsdale Insurance Company's (collectively, the "Insurers") motion to continue the November 30, 2026, trial date and all existing trial deadlines. Dkt. No. 269. Plaintiffs O.H. and C.D. oppose the motion, arguing the Insurers lack good cause and seek only to delay resolution of this nearly four-year-old case. The Insurers respond that they need a six-month continuance to prepare for trial because they only intervened on August 21, 2026, and their counsel is new to the case.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily

considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a result, courts modify scheduling orders "if [they] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Plaintiffs argue the Insurers' recent intervention offers no excuse because, as Secret Harbor's insurers, they had an obligation to thoroughly investigate Plaintiffs' claims. Dkt. No. 276 at 2. Thus, the Insurers should already have a complete understanding of the evidentiary record. *Id.* In response, the Insurers contend that their review of the record for the purposes of claims adjustment and funding the defense differs from the review required to defend a lawsuit. Dkt. No. 279 at 3. The Court agrees with the Insurers. While the Insurers have background knowledge of the evidentiary record, they had no reason to retain defense counsel until June 5, 2026, when the judge in Secret Harbor's receivership proceedings lifted the stay of this case and ordered the Receiver not to intervene, and the Receiver asked Secret Harbor's former counsel to withdraw. *See* Dkt. Nos. 248 at 12; 259-1 at 34. Since then, the Insurers have moved quickly—they moved to intervene twelve days after the Court set the trial date and moved to continue five days after the Court granted intervention. Dkt. Nos. 257, 261, 268, 269. That is diligence.

Plaintiffs also argue the Insurers are acting in bad faith, pointing out that on the eve of trial in May 2025, Markel refused to offer its policy limits to support settlement, which prompted Secret Harbor to enter a receivership process to stay the case. As a result, Plaintiffs have suffered years of delay. The Court

acknowledges that the delays in this matter have kept Plaintiffs from their day in court, and absent extraordinary circumstances, it does not intend to grant any further extension. But Rule 16(b) asks whether the current schedule can reasonably be met despite the movant's diligence. The pre-intervention history Plaintiffs describe, which this Court has not adjudicated, does not bear on whether counsel retained in July 2026 can be ready for trial on November 30.

The Court finds that despite the Insurers' diligence, it is unreasonable to expect counsel to be adequately prepared for trial on November 30, 2026. The Court thus GRANTS the Insurers' motion to continue, Dkt. No. 269, and ORDERS the following:

1. The Order setting trial date, and related dates at Dkt. No. 257 is VACATED. Deadlines that have already passed, including the discovery and dispositive-motion deadlines, remain closed. This order does not reopen discovery.
2. JURY TRIAL begins June 1, 2027; all motions in limine must be filed by (*see* LCR 7(d)) April 21, 2027; deposition designations must be submitted to the Court by (*see* LCR 32(e)) May 10, 2027; the agreed pretrial order is due May 10, 2027; trial briefs, proposed voir dire, and proposed jury instructions must be filed by May 17, 2027; and the pretrial conference will take place on May 24, 2027.
3. The Insurers' motion for leave to file a supplemental brief in support of their motion to continue, Dkt. No. 282, is DENIED as moot.

Dated this 16th day of October, 2026.

Jamal N. Whitehead
United States District Judge