UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.H., an individual, and C.D., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SECRET HARBOR, a non-profit corporation,<br><br>Defendant. | CASE NO. 2:23-cv-00060-JNW<br><br>ORDER ON CONSOLIDATION |
| A.A., an individual, M.T., an individual, and J.Y., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SECRET HARBOR, a non-profit corporation,<br><br>Defendant. | CASE NO. 2:24-cv-00681-JNW |

| | |
|---|---|
| D.P., an individual, and J.S., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SECRET HARBOR, a non-profit corporation,<br><br>Defendant. | CASE NO. 2:25-cv-01010-JNW |

## 1. INTRODUCTION

On August 21, 2026, the Court ordered Plaintiffs and the Intervening Insurers ("Insurers") in *O.H. et al. v. Secret Harbor,* No. 2:23-cv-00060, *A.A. et al. v. Secret Harbor*, No. 2:24-cv-00681, and *D.P. et al. v. Secret Harbor,* No. 2:25-cv-01010 to show cause why the cases should not be consolidated. Dkt. No. 268. Before the Court are the parties' responses. Dkt. Nos. 274, 275.[1] Plaintiffs think the Court should consolidate *A.A.* and *D.P.* but keep *O.H.* separate. Dkt. No. 274 at 2. They argue that while *A.A.* and *D.P.* have yet to undergo significant discovery, expert workup, or dispositive motions practice, *O.H.* is trial ready and further delay would prejudice the *O.H.* Plaintiffs. *Id.* The Insurers object to consolidation, arguing that the cases involve different time periods, alleged perpetrators, and witnesses. Dkt. No. 275 at 3. In their view, a jury would have to consider separate facts for seven plaintiffs, which "risks that evidence relevant to one Plaintiff would improperly influence [the jury's] consideration of another." *Id.* Having considered the parties'

[1] Docket citations in this Order refer to *O.H. et al. v. Secret Harbor*, No. 2:23-cv-00060.

responses, supporting materials, and relevant law, the Court finds consolidation appropriate for *A.A.* and *D.P.*, but not *O.H.*

## 2. LEGAL STANDARD

Under Rule 42(a), the Court may consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court enjoys broad discretion in making this determination. *Abbott v. Amazon.com Inc.*, No. 2:23-CV-1372-JNW, 2023 WL 7496362, at *1 (W.D. Wash. Nov. 13, 2023) (citing *Investors Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "In deciding whether consolidation is appropriate, courts consider the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Valve Antitrust Litig.*, No. 2:21-CV-00563-JNW, 2024 WL 5009034, at *1 (W.D. Wash. Dec. 6, 2024) (citation modified).

## 3. DISCUSSION

*O.H.*, *A.A.*, and *D.P.* involve common questions of law and fact. All Plaintiffs were placed in Secret Harbor facilities between 1972 and 1992. Plaintiffs allege that Secret Harbor failed to protect them from child sexual abuse, and they suffered damages as a result of Secret Harbor's negligence. The same counsel represents all Plaintiffs. The Insurers contend the individual Plaintiffs' experiences differ in time, alleged perpetrator, and circumstance. But Rule 42(a) requires only a common question, and the Insurers acknowledge that the cases share the same defendant. So despite any individual distinctions, the general allegations and case theories are the same. Discovery and legal defenses will overlap.

The Court finds judicial economy served by consolidating these related matters. However, the Court agrees with Plaintiffs that consolidating *O.H.* with *A.A.* and *D.P.* would cause the *O.H.* Plaintiffs substantial delay. In *O.H.*, the parties have completed substantial discovery, and the case was days from trial in May 2025 when Secret Harbor's receivership led to a stay. The case is now set for trial on June 1, 2027. Dkt. No. 284 at 3. The discovery and dispositive-motion deadlines have passed and remain closed, and the Court does not intend to grant any further extension absent extraordinary circumstances. *Id.*

*A.A.* and *D.P.*, on the other hand, are in early stages. In *A.A.*, the Court issued a scheduling order on March 26, 2025, but then stayed the case on June 11, 2025. In *D.P.*, Plaintiffs filed their complaint on May 28, 2025, only weeks before the receivership halted that as well. Neither matter will soon be ready for trial. No answer has yet been filed in *D.P.* Discovery is unfinished, and the parties have filed neither dispositive motions nor motions challenging expert witness testimony. On this record, consolidating all cases would force a choice between reopening discovery in *O.H.*, which the Court has declined to do, and holding *A.A.* and *D.P.* to deadlines that have already closed. Forcing *O.H.* to wait for *A.A.* and *D.P.* to catch up would cause significant delay. *Taylor v. Amazon.com Servs. LLC*, No. 1:24-CV-01165-KES-BAM, 2025 WL 307469, at *4 (E.D. Cal. Jan. 27, 2025) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2381 (3d ed. June 2024)) ("[T]he district court may deny consolidation [for example,] when one of the actions has proceeded further in the discovery process than the other."). The Insurers agree that this disparity weighs against consolidating O.H.

The Insurers argue consolidation carries substantial risk of confusion and prejudice. Specifically, they contend that a joint trial with more individual plaintiffs would not necessarily be more efficient; "it may simply become longer, more complicated, and more difficult for jurors to compartmentalize." Dkt. No. 275 at 4. And they argue the prejudice would be especially acute because the cases involve sexual abuse allegations, which are inflammatory in nature. *Id.*

The prejudice the Insurers raise does not arise from consolidation alone. *A.A.* and *D.P.* involve three and two plaintiffs, respectively, whose placement periods and allegations already differ. A jury in either case would already hear multiple plaintiffs' claims. Consolidation changes the degree of that concern, not its kind. And the evidence and case theories will overlap regardless of the individual distinctions. Moreover, the prejudice the Insurers identify is exclusive to trial. As discussed above, *A.A.* and *D.P.* are in the early stages of litigation. As the parties develop the record and their claims evolve, the Court will have a clearer picture as to whether a joint trial would cause undue prejudice. If Secret Harbor wishes to move for separate trials at that time, it may do so.

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. The Court CONSOLIDATES *A.A. et al. v. Secret Harbor*, No. 2:24-cv-00681 and *D.P. et al. v. Secret Harbor,* No. 2:25-cv-01010.
2. The consolidated case caption will be reformed as a double-captioned case referring to both matters. The main docket for filing motions will be *A.A. et al. v. Secret Harbor* 2:24-cv-00681.

3. Within 21 days of this Order, the parties in the consolidated case must file a joint status report proposing a case schedule. The Clerk is DIRECTED to note this deadline on the Court's calendar

4. *O.H. et al. v. Secret Harbor*, No. 2:23-cv-00060, will remain a separate case, and proceed on the schedule set out at Dkt. No. 284.

5. The Clerk is further DIRECTED to file this Order in all three cases.

Dated this 23rd day of October, 2026.

Jamal N. Whitehead
United States District Judge